**EXHIBIT 1**

# blockparty

Monday, June 18, 2018

REQUEST FOR PROPOSAL

EVENT EQUIPMENT RENTAL, SERVICES AND EVENT SUPPLIES

RFP 94704

DUE: 04:00 P.M., CST, 06/30/18

Deadline for Inquiries        04:00 P.M., CST, 06/18/18
Time and Date Set for Closing    04:00 P.M., CST, 07/10/18

# TABLE OF CONTENTS

| TITLE | PAGE |
|---|---|

SECTION 1 – REQUEST FOR PROPOSAL.................................................................................3

SECTION 2 – PURPOSE OF THE RFP....................................................................................4

SECTION 3 – INSTRUCTIONS TO PROPOSERS
...................................................................................5

SECTION 4 – SCOPE OF WORK
..............................................................................................7

SECTION 5 – PROPOSER QUALIFICATIONS
...........................................................................8

SECTION 6 – EVALUATION CRITERIA
..................................................................................9

SECTION 7 – PRICING SCHEDULE
.........................................................................................9

SECTION 8 – FORM OF PROPOSAL/SPECIAL INSTRUCTIONS ........................................................10

SECTION 9 – AGREEMENT – TERMS & CONDITIONS
.................................................................11

**SECTION 1 - REQUEST FOR PROPOSAL**

RFP 94704

Blockparty is requesting proposals from qualified firms or individuals in the Berkeley, CA area for **Event Equipment Rental, Services and Event Supplies** to supplement Blockparty's operation at the University of California, Berkeley.

Proposals are to be addressed and delivered via e-mail AND physical mail submission to aaron@blockpartypresents.com on or before 4:00 P.M., CST, 06/30/18. No proposals will be accepted after this time.

Blockparty's U.S. Postal Service Mail address is:
1601 Elm Street, 34th Floor
Dallas, TX 75201

BLOCKPARTY

Aaron Nix
Director of Operations

3

## SECTION 2 – PURPOSE OF THE RFP

1. <u>INTENT:</u>

   Blockparty hosts a variety of events in Berkeley for the University of California,  throughout the year that require Event Equipment Rental, Services and Event Supplies.  Proposers must provide inventory that they carry exclusively and should not include any equipment acquired through a subcontractor in response to this RFP.  Proposers that use subcontractors, who also meet the evaluation criteria of this RFP, are welcome to submit proposals of their own.

2. <u>BACKGROUND INFORMATION:</u>

   Blockparty annually coordinates and stages hundreds of events in ten (10) or more states and several additional facilities and outdoor venues. With attendance figures ranging from 50 people to 10,000, there is often a need for contracted, event related equipment, supplies and services to assist in the management and operation of these venues.

   **Example:** PNC Bank Arts Center (Holmdel, NJ): is an outdoor concert amphitheater with seating capacity of 16,000. Blockparty operates pre-show tailgate experiences and in-venue, premium hospitality such as private cabanas; hosting upwards of 4,000 guests per season.

   **Example:** Southern Methodist University (SMU): the "Boulevard" routinely hosts over 30,000 Mustang fans during each football home game. Blockparty operates a series of turnkey tailgate packages available to Mustang fans. These packages include a tent, premium lounge furniture, coolers w ice, tailgate games and the option to upgrade to satellite TV. Scale for this operation ranges between 40-80 tents per game.

   All outdoor venues come with operational use restrictions that each vendor should request from the event coordinator prior to load-in/installation. Blockparty desires to place orders with the successful firm(s) under this solicitation for tent rental, event equipment rental, services and event supplies including but not limited to tents, tables, table coverings and linens, chairs, lattice fencing, astro turf, décor, food service equipment, generators (including all power distribution options), light towers, golf carts, restrooms and supplies as well as other items. There may be multiple awards given depending on the event being contracted.

3. <u>TERM OF CONTRACT:</u>

   The initial contract term will be for one (1) year with the possibility of a two (2) year renewal.

SECTION 3 – INSTRUCTIONS TO PROPOSERS

1.  You must address and deliver your proposal to 1601 Elm St, 34th, Floor, Dallas, TX 75201
    and aaron@blockpartypresents.com on or before the time and date set for closing.  No
    proposal will be accepted after this time.  PROPOSALS MUST BE IN A MARKED SEALED
    CONTAINER (i.e., envelope, box):

    Via Physical Mail:
    Name of Proposer
    Title of Proposer
    RFP Number
    Date and Time Proposal is Due

    Via E-mail:
    Subject Line: "Name of Proposer – RFP Number"

2.  Blockparty reserves the right to conduct discussions with the proposers, and to accept
    revisions of proposals, and to negotiate price changes.  During the discussion period,
    Blockparty will not disclose any information derived from proposals submitted, or from
    discussions with other proposers.

3.  Proposers submitting proposals which meet the selection criteria and which are deemed to
    be the most advantageous to Blockparty may be requested to give an oral presentation to
    the selection committee.  Blockparty's Director of Operations will do the scheduling of these
    presentations (if needed).

4.  The award shall be made to the responsible proposers whose proposal is determined to be
    advantageous to Blockparty based on the evaluation factors set forth in this solicitation.
    Price, although a consideration, will not be the sole determining factor.

5.  All submitted information will be considered proprietary and held private by Blockparty and
    its officials.  Pricing information cannot be considered proprietary.

6.  Your proposal should be submitted in the format shown in Section 8. Proposals in any other
    format will be considered informal and may be rejected. Conditional proposals will not be
    considered. An individual authorized to extend a formal proposal must sign all proposals.
    Proposals that are not signed may be rejected.

7.  Blockparty reserves the right to reject any or all proposals or any part thereof, or to accept
    any proposal, or any part thereof, or to withhold the award and to waive or decline to waive
    irregularities in any proposal when it determines that it is in its best interest to do so.
    Blockparty also reserves the right to hold all proposals for a period of one hundred twenty
    (90) days after the opening date and the right to accept a proposal not withdrawn before
    the scheduled proposal opening date.

8.  Unless specifically stated to the contrary, any manufacturer's names, trade names, brand
    names or catalog numbers used in the specifications of this Request for Proposal are for the
    purpose of describing and/or establishing the quality, design and performance required. Any

5

such reference is not intended to limit or restrict an offer by any proposer and is included in order to advise the potential proposer of the requirements for Blockparty. Any offer, which proposes like quality, design or performance, will be considered.

## SECTION 4 – SCOPE OF WORK

The successful proposer(s) shall provide and install Event Equipment Rental, Services and event supplies within the Berkeley area. Tent rental, event equipment rental, services and event supplies include but are not limited to tents, tables, table coverings and linens, chairs, fencing, astro turf, décor, generators (including all power distribution options), light towers, as well as other associated items. The larger the inventory, the more trained & sophisticated the staff, the history of promptness of delivery, set up, strike, pickup and return, the ability to accept last minute changes with no penalty, as well as accurate, fast invoicing will be attributes of the successful firm(s).

All successful Proposers must have endorsable insurance. (See Insurance Requirements under Section 9 of Terms and Conditions for indemnification and insurance requirements.)

The successful proposer(s) and Blockparty are responsible for ensuring special events are compliant with applicable federal, state, and local regulations as well as ensuring a safe event for staff and patrons. Expectations and service levels are outlined in the attached "Quality of Physical Materials_Service Levels" document.

### Payment Method/Terms

The successful proposer(s) must extend minimum payment terms of 30 days from the time of submission of each invoice.  Invoices should be sent on a per event basis at the conclusion of the event. *Proposers offering extended payment terms such as 45-90 days, will be awarded a higher % in Section 6 – Evaluation Criteria (#4).*

All invoices must be submitted to Blockparty's Accounting Department electronically via Bill.com.  Payments will also be submitted through Bill.com in accordance with contracted payment terms.

### Warranties

In addition to any implied warranties, Proposers must warrant that the goods furnished will conform to all Health and Safety Codes and the specifications, drawings, and descriptions listed herein, and to the sample or samples, if any furnished by the Proposer. In the event of a conflict between the goods delivered, the specifications, drawings, and descriptions, and the Safety Code shall govern.

### Emergency Contact

Proposer must provide contact information for a primary and secondary point of contact for emergencies. These emergency contacts will be available 24 hours a day 7 days a week.

## SECTION 5 – PROPOSER QUALIFICATIONS

Blockparty is soliciting proposals from firms, which are in the business of providing services as listed in this Request for Proposal. Your proposal shall include, at a minimum, the following information. Failure to include these items may be grounds for rejection of your proposal.

1.  **Proof of Business:** The proposer shall present evidence that the firm or its officers have been engaged for at least the past five (5) years in providing services as listed in this Request for Proposal.

2.  **References:** Proposer must submit a list of customer references, which should include at least three (3) current and former clients, local or national. Please include name (and title), telephone number, address and email address of contact person and the type of work you did/or are doing for them.

3.  **License:** Affirmation and evidence that you are licensed in the State of California to perform this type of work under the same company name.

4.  **Personnel:** All key personnel proposed by the firm should have relevant experience, and be fully qualified to successfully provide the services described in the Scope of Work.

5.  **Competitive Advantage:** Describe what distinguishes the ability of your firm from that of your competitors to perform the services described in this Request for Proposal.

## SECTION 6 – EVALUATION CRITERIA

Proposals will be evaluated on the following criteria, listed in order of their relative priority with most important listed first:

1.  Response to Section 4 - Scope of Work (25%)

2.  Response to Section 5 - Proposer Qualifications (25%)

3.  Response to Section 7 - Pricing Schedule (25%)

4.  Payment Terms & Fees (15%)

5.  Value Added Services (10%)


## SECTION 7 – PRICING SCHEDULE & FINANCIAL OFFER

<u>ATTACHMENT A</u> – MUST BE COMPLETED AND SUBMITTED WITH YOUR PROPOSAL

The list must include any applicable costs, i.e., freight, delivery, setup, strike, pick up, return, permits, fuel surcharge, or any other fees that may be tacked on to an invoice. etc.

Please provide daily rates at a minimum. Proposers are also required to include longer rental times as an additional attachment (i.e. tents staying in place for multiple weeks for football games).

Please note the spreadsheet has <u>two tabs</u> – You may add tabs if you wish.

**Fees & Additional Costs**
In addition to listing applicable fees and additional cost items, proposers are encouraged to document those fees that are waived or discounted as part of the financial offer to Blockparty.

**Rebate/Discount Schedule**
Proposers must also include (*within Exhibit B*) to Blockparty a percentage discount and/or rebate.  Include when and how the proposed discount and/or rebate will be applied. Also, include discount and/or rebate if a specific dollar amount total is exceeded.  A combination of discounts and rebates are preferred.

Proposers offering creative incentives via discounts and/or rebates will be awarded a higher % in Section 6 – Evaluation Criteria (#3).

The financial proposal shall contain the complete financial offer made to Blockparty (*within Exhibit B*). Any additional costs, fees, and expenses must be detailed in the proposer's proposal. *Any additional expenses, not explicitly stated, <u>will not</u> be honored by Blockparty.*

**Discount/Rebate Structure Examples:**

9

**Example:** Blockparty shall receive a baseline discount of 15% on all items available for rent, which will be applied to all estimates and invoices.

In addition to the 15% discount, Blockparty shall receive the following rebate structure as revenue levels are met (see below).  Rebates will be paid to Blockparty on an annual basis once all outstanding invoices have been paid in full.

> $100,000 - $249,000: Rebate of 2% of revenue
> $250,000 - $399,000: Rebate of 5% of revenue
> $400,000 - $549,000: Rebate of 7% of revenue
> $550,000 - $699,000: Rebate of 9% of revenue
> $700,000+:                 Rebate of 10% of revenue

Delivery/Pick-Up Flexibility:
Vendors should list and explain their policy for delivery and pick-up windows.  Flexibility with these windows is encouraged and heavily considered in the selection process.  Given the nature of the business, Blockparty prefers to confirm sales to tailgate customers up to 72 hours prior to the event, and take additional orders based on availability up to 24 hours prior to the event. Expectations and service levels are outlined in the attached "Quality of Physical Materials_Service Levels" document.

## SECTION 8 – FORM OF PROPOSAL/SPECIAL INSTRUCTIONS

### Format of Submittal
To facilitate direct comparisons, your proposal must be submitted in the following format:
- One (1) clearly marked hardcopy "original" in 8.5" x 11", non-binding form.  No metal or plastic binding – may use binder, folder or clip for easy removal of proposal; and

- One (1) electronic copy in PDF format to be E-mailed to aaron@blockpartypresents.com. Attachment A (spreadsheet) may be sent as a separate attachment or within the PDF document.

### Content of Submittal
If proposer fails to provide any of the following information, with the exception of the mandatory proposal certifications, Blockparty may, at its sole option, ask the proposer to provide the missing information or evaluate the proposal without the missing information.
1. Mandatory certifications and Substitute W-9

2. Acknowledgement and acceptance of Blockparty Terms and Conditions.  All exceptions must be submitted with justification and alternate language, and MUST be submitted with the proposal.

3. Response to Section 4 – Scope of Work.

4. Response to Section 5 – Proposer Qualifications

5. Response to Section 7 – Pricing Schedule (Attachment A) & Financial Offer (Exhibit B)

6. Value Add: Include any special resources, skills or services which can be provided by the firm in addition to the required scope.

## SECTION 9 – AGREEMENT – TERMS & CONDITIONS

The successful proposer is expected to enter into Independent Contractor Agreement for Consulting, Services and Deliverables, the standard form of agreement approved by Blockparty.  Proposals that are contingent upon any changes to these mandatory contract terms and conditions may be deemed non-responsive and may be rejected.  All exceptions must be submitted with justification and alternate language, and MUST be submitted with the proposal.

**blockparty**

Blockparty, Inc.
INDEPENDENT CONTRACTOR AGREEMENT FOR CONSULTING,
SERVICES, AND DELIVERABLES

**THIS CONTRACT** is made between **Blockparty** and ___Hensley Event Resources___ , a _____ (Vendor), effective as of _10/20/2018_ , 2018 (the Effective Date).

Blockparty issued a Request for Proposal 94704 for Event Equipment Rental, Services and Event Supplies. Vendor responded with its proposal. Blockparty and Vendor desire to enter into this Contract for the purpose of Vendor providing Blockparty with equipment rental, services and supplies for various events throughout the year.

In consideration of the mutual obligations specified in this Contract, the parties agree as follows:

1. **Engagement; Services and Deliverables**. Blockparty retains Vendor, as of the Effective Date, and Vendor accepts such engagement, to perform the services as and when described on Exhibit A (the Services). As part of the Services, Vendor will deliver to Blockparty all reports, code, documents, software, and other items and materials as and when described on Exhibit A (the Deliverables).

2. **Compensation**. Blockparty will pay Vendor for the Services (which by definition include the Deliverables) as and when set forth on Exhibit A. Unless described with specificity on Exhibit A, Vendor will be solely responsible for all expenses it incurs in connection with Vendor's obligations under this Contract. Blockparty will make all payments to Vendor in Vendor's legal name as set forth in the opening paragraph. Unless described with specificity on Exhibit AB, Blockparty must receive all Deliverables prior to payment. Payment terms are Net 30 days upon Blockparty's receipt of Vendor's invoice.

3. **Price Adjustment**. Price changes will normally only be considered at the end of one contract period and the beginning of another.  Price change requests shall be supported by evidence of increased costs to Vendor.  Blockparty will not approve price increases that will merely increase the gross profitability of the Vendor at the expense of Blockparty.  Price change requests shall be a factor in the Contract extension review process.  Blockparty shall determine whether the requested price increase or an alternate option is in the best interest of Blockparty.

4. **Sales and Use Tax**. Vendor agrees to comply with and to require all of his subcontractors to comply with all the provisions of applicable state sales excise tax law and compensation use tax law and all amendments to same.  Blockparty is not exempt from state sales excise tax and compensation use tax, except for equipment purchased for resale. Any equipment ordered as tax exempt shall be invoiced separately from taxable systems, even if purchased on the same purchase order from Blockparty.

5. **Term and Termination**. The obligations of the parties will commence on the Effective Date and, unless sooner terminated, expire twelve (12) months after the Effective Date (the Term). The total Term will not exceed 3 years. Blockparty may terminate this Contract with or without cause upon 10 days' prior written notice to Vendor. Upon termination, Blockparty will have no further obligations to Vendor other than payment for Services rendered and Deliverables delivered, in each case as of the effective date of termination. All provisions of this Contract that anticipate performance after termination, and all provisions necessary to interpret and enforce them, will survive termination of this Contract.

6. **Independent Contractor**. Vendor is an independent contractor. Neither Vendor nor any of Vendor's owners, officers, directors, managers, members, employees, agents, contractors, or subcontractors (collectively, with Vendor, the Vendor Parties), will be employees, agents, partners, or joint venturers of Blockparty. None of the Vendor Parties will be eligible for any benefits from Blockparty, including worker's compensation coverage, nor will Blockparty make deductions from any amounts payable to Vendor for taxes. Taxes for any amounts paid to Vendor will be Vendor's sole responsibility.

7. **Hours; Business Operations**. Vendor will determine Vendor's hours of work. Blockparty will not combine the business operations of Blockparty with Vendor; these operations will be maintained separately. Vendor will provide all tools, equipment, and supplies Vendor determines to be necessary to perform the Services, and Vendor will obtain and maintain in full force and effect all business registrations or licenses required to perform the Services.

8. **Supervision**. Vendor is using its own knowledge, skill, and technical know-how in the performance of the Services and is not being supervised by Blockparty. The conduct and control of Services under this Contract lies solely with Vendor, and Blockparty is interested only in final results.

9. **Nondisclosure and Trade Secrets**. Vendor may receive (or has received) from Blockparty, and may otherwise be exposed to confidential and proprietary information relating to its business practices, strategies, and technologies, as well as confidential information as necessary to perform the Services (collectively, Blockparty Confidential Information). Confidential Information may include, but is not be limited to, confidential and proprietary information supplied to Vendor with the legend "Blockparty Confidential and Proprietary," or other designations of confidentiality. As between Vendor and Blockparty is the sole, exclusive, and valuable property of Blockparty. Vendor will not reproduce or otherwise use any Confidential Information except in the performance of the Services, and will not disclose any Confidential Information to any third party, either during or after the Term, except with Blockparty's prior written consent. Upon termination of this Contract, Vendor will cease using, and will return to Blockparty, all originals and all copies of Confidential Information, in all forms and media, in Vendor's possession or under Vendor's control. In addition, Vendor will not disclose or otherwise make available to Blockparty any confidential information of Vendor or received by Vendor from any third party.

Vendor will have no obligation to maintain as confidential any Blockparty Confidential Information that Vendor can show: (i) was already lawfully in the possession of or known by Vendor before receipt from Blockparty; (ii) is or becomes generally known in the industry through no violation of this Contract or any other agreement; (iii) is lawfully received by Vendor from a third party without restriction on disclosure or use; (iv) is required to be disclosed by court order following notice to Blockparty sufficient to allow Blockparty to contest such order; or (v) is approved in writing by Blockparty for release or other use by Vendor.

10. **Intellectual Property Ownership**. Neither Entity nor any Entity Parties will make, conceive, discover, develop or create, either solely or jointly with any other person or persons including Blockparty, any Intellectual Property for or at the request of Blockparty in connection with this Contract. However, to the extent any Contract IP is created, it will be owned by Blockparty and Entity hereby irrevocably assigns, and will cause all Entity Parties to so assign, without further consideration, to Blockparty all right, title and interest to all Contract IP. Intellectual Property means any and all Blockparty Data, inventions, designs, original works of authorship, formulas, processes, compositions, programs, databases, data, technologies, discoveries, ideas, writings, improvements, procedures, techniques, know-how, and all patent, trademark, service mark, trade secret, copyright and other intellectual property rights (and goodwill) relating to the foregoing. Entity will make full and prompt disclosure of the Contract IP to Blockparty.

11. **Warranties**. Vendor represents and warrants that: (i) all of the Services will be performed in a professional and workmanlike manner and in conformity with industry standards by persons reasonably suited by skill, training, and experience for the type of services they are assigned to perform; and (ii) Vendor will comply, and will be responsible for ensuring Vendor Parties comply, with all applicable federal, state and local laws in the performance of this Contract.

12. **Indemnification**. Vendor will indemnify, defend, and hold harmless Blockparty, its officials, agents and employees (collectively, Indemnitee) for, from, and against any and all claims, actions, liabilities, damages, losses, or expenses (including court costs, attorneys' fees, and costs of claim processing, investigation, and litigation) for bodily injury or personal injury (including death), or loss or damage to tangible or intangible property to the extent caused, or alleged to be caused, by (i) the negligence, acts or omissions of Vendor, or any of the other Vendor Parties; (ii) a breach of this Contract; or (iii) failure to comply with any applicable law. Vendor will be responsible for primary loss investigation, defense and judgment costs where this indemnification is applicable.

13. **Responsibility**. Each party will be responsible for the negligence, acts and omissions of its employees and contractors when acting under such party's direction and supervision. Notwithstanding the terms of this Contract or any other document or agreement: (i) other than for employees and contractors acting under Blockparty's direction and supervision, Blockparty is not responsible for any actions of any third parties.

14. **Nondiscrimination**. The parties will comply with all applicable state and federal laws, rules, regulations, and executive orders governing equal employment opportunity, immigration, and nondiscrimination, including the Americans with Disabilities Act. These regulations prohibit discrimination against qualified individuals based on their status as protected veterans or individuals with disabilities, and prohibit discrimination against all individuals based on their race, color, religion, sex or national origin. Moreover, these regulations require that covered prime contractors and subcontractors take affirmative action to employ and advance in employment individuals without regard to race, color, religion, sex, national origin, protected veteran status or disability.

15. **Insurance Requirements**. Without limiting any liabilities or any other obligation of Vendor, Vendor will purchase and maintain (and cause its subcontractors to purchase and maintain), until all of their obligations have been discharged, including any warranty periods under this Contract, or are satisfied, insurance against claims for injury to persons or damage to property that may arise from or in connection with the performance of the work hereunder by Vendor, its agents, representatives, employees or subcontractors.

16. **Construction**. Each party acknowledges that it has had the opportunity to participate in the drafting of, and to have its legal counsel review, this Contract. Any rule of construction to the

effect that any ambiguities are to be resolved against the drafting party will not be applied in interpreting this Contract.

17. **Governing Law and Venue**. This Contract will be governed by the laws of the State of Texas without regard to any conflicts of laws principles. Any proceeding arising out of or relating to this Contract will be conducted in Dallas County, Texas. Each party waives any objection it may now or hereafter have to venue or to convenience of forum.

18. **Interpretation-Parol Evidence**. This writing is intended by the parties as a final expression of their agreement and is intended also as a complete and exclusive statement of the terms of their agreement. No course of prior dealings between the parties and no usage of the trade shall be relevant to supplement or explain any term used in this Contract. Acceptance or acquiescence in a course of performance rendered under this contract shall not be relevant to determine the meaning of this Contract even though the accepting or acquiescing party has knowledge of the nature of the performance and opportunity for objection. Whenever a term defined by the Uniform Commercial Code is used in this Contract, the definition contained in the Code is to control.

19. **No Waiver**. No waiver by Blockparty of any breach of the provisions of this Contract by Vendor shall in any way be construed to be a waiver of any future breach or bar Blockparty's right to insist on strict performance of the provisions of this Contract.

20. **Labor Disputes**. Vendor shall give prompt notice to Blockparty of any actual or potential labor dispute which delays or may delay performance under this Contract.

21. **Insolvency**. Blockparty shall have the right to terminate this Contract at any time in the event Vendor files a petition in bankruptcy, or is adjudicated bankrupt; or if a petition in bankruptcy is filed against Vendor and not discharged within thirty (30) days; or if Vendor becomes insolvent or makes an assignment for the benefit of its creditors.

22. **Assignment**. Neither party may transfer or assign this Contract or any of its rights or obligations hereunder, either directly nor indirectly, or by operation of law, without the other party's prior written consent. Any attempt to the contrary will be void.

The parties have signed this Contract as of the Effective Date.

**Blockparty**

By:_____

Name:_____

Title:_____

Date Signed:_____

**Vendor**

By: _Susan Kidwell_

Name: _Susan Kidwell_

Title: _General Manager_

Date Signed: _6/20/2018_

EXHIBIT A – SERVICES AND DELIVERABLES

EXHIBIT B – COMPENSATION AND FINANCIAL OFFERING

**<u>EXHIBIT 2</u>**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE known as the ("Agreement") is made and entered into this 12th day of February 2019, by and between Blockparty Inc. ("Customer") and Hensley Event Resources ("Company") who conducts its business at 180 West Hill Place, Brisbane, CA 94005 collectively the "Parties".

### RECITALS

**Relationship Between Parties** – Customer engaged Company to provide certain rental services in association with Customer's agreement with the University of California, Berkeley and as a result of those services rendered by Company Customer owes Company $120,548.39 as outlined in the Company invoice attached hereto.

**Basis of Causes of Action** – Customer has failed to pay Company the $120,548.39 owed as a result of the services Company provided Customer.

**Scope of Settlement** – The Parties desire to dispose of any and all claims relating to the relationship through this settlement and payment plan.

NOW, THEREFORE, the Parties hereby agree as follows:

**Payment Plan** - Customer has AGREED to make (6) consecutive monthly installments to Company beginning with the amount of $7,500.00 on or by March 1st and then $12,500 on April 1st, 2019; $17,500 on May 1st, 2019, $27,682, on June 1st, 2019, $27,682 on July 1st, 2019, $27,684.39 on August 1st, 2019. Blockparty may prepay any amounts owed hereunder. Once paid in full, the claim will be deemed fully and unconditionally settled.  If due date is on a weekend day or Federal Holiday when banks are closed, the payment will be due the next business day.

**Default** – If Customer fails to make a payment on any required date and then fails to remedy such failure within three (3) days' written notice by Company, then Customer shall be in breach of this Agreement and all outstanding amounts owed hereunder shall accelerate and be immediately due and payable.

**No Contact** – Company agrees to not contact the University of California, Berkeley or any other third parties regarding any amounts Customer owes Company.

**Authority** – Each party to this Agreement warrants and represents that it has the power and authority to enter into this Agreement and that this Agreement and all documents delivered pursuant to this Settlement Agreement, to which here it is a party, are valid, binding, and enforceable upon him or it.

**Counterparts** - This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and will be effective when all of the Parties have affixed their signatures to the counterparts and they have been delivered, but all counterparts shall constitute one in the same instrument. A fully executed Agreement may consist of several of duplicate originals, each containing the signature of less than all of the Parties hereto, so long as each party has signed one such duplicate original. The Parties agree that fax signatures shall be fully enforceable and may substitute for original signatures for all purposes.

**Headings** - The headings of the various paragraphs of this Agreement have been included only in order to make it easier to locate the subject covered by each provision and are not to be used in construing this Agreement or in ascertaining its meaning.

4831-7108-2374, v. 1

**No Warranties or Representations -** No party to this Agreement has made any warranties or representations to induce any other party to enter into this Agreement except to the extent, if any, as may be expressly set forth in this Agreement.

**Confidentiality -** Each party agrees to keep the conditions and amounts of this Agreement completely confidential.

**Entire Agreement and Successors in Interest** - This Agreement contains the entire agreement and understanding among the Parties with respect to all matters described herein and supersedes and renders null and void all prior agreements, arrangements, discussions and understandings related to the subject matter hereof. The Parties agree that this Agreement shall be binding upon and inure to the benefit of the Parties themselves and their respective heirs, executors, legal representatives, officers, directors, shareholders, constituent partners, employees, servants, agents, affiliates, subsidiaries, predecessors, successors, and assigns.

[SIGNATURES ON FOLLOWING PAGE]

4831-7108-2374, v. 1

By signing this AGREEMENT both Parties have AGREED on the terms and conditions.

"Company"                                                    "Customer"

Hensley Event Resources                                      Blockparty Inc.

By: _Susan Kidwell_                                          By: _Adam Ward_

Name: _Susan Kidwell_                                        Name: _Adam Ward_

Its: _GM - Hensley Event Resources_                          Its: _President_

# Statement

Hensley Event Resources

180 W. Hill Place
Brisbane, CA 94005

| Date |
|---|
| 2/12/2019 |

| To: |
|---|
| BlockParty<br>1601 Elm Street<br>33rd Floor<br>Dallas, TX 75201<br>USA |

| Amount Due | Amount Enc. |
|---|---|
| $120,548.39 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 07/31/2018 | Balance forward | | 0.00 |
| 09/01/2018 | INV #H111145. Due 09/01/2018. | 4,653.50 | 4,653.50 |
| 09/01/2018 | INV #H111634. Due 09/01/2018. | 4,884.10 | 9,537.60 |
| 09/15/2018 | INV #H112011. Due 09/15/2018. | 6,446.83 | 15,984.43 |
| 09/15/2018 | INV #H112035. Due 09/15/2018. | 3,803.50 | 19,787.93 |
| 09/29/2018 | INV #H112610. Due 09/29/2018. | 10,792.72 | 30,580.65 |
| 09/29/2018 | INV #H112620. Due 09/29/2018. | 4,296.50 | 34,877.15 |
| 09/29/2018 | INV #H112709. Due 09/29/2018. | 1,168.50 | 36,045.65 |
| 09/29/2018 | INV #H112710. Due 09/29/2018. | 3,128.37 | 39,174.02 |
| 10/13/2018 | INV #H113046. Due 10/13/2018. | 9,699.09 | 48,873.11 |
| 10/13/2018 | INV #H113056. Due 10/13/2018. | 5,063.25 | 53,936.36 |
| 10/27/2018 | INV #H113434. Due 10/27/2018. | 12,805.00 | 66,741.36 |
| 10/27/2018 | INV #H113458. Due 10/27/2018. | 5,135.00 | 71,876.36 |
| 10/27/2018 | INV #H113885. Due 10/27/2018. | 12,805.00 | 84,681.36 |
| 11/02/2018 | CREDMEM #H800048. Applied remainder of payment as credit | -804.30 | 83,877.06 |
| 11/02/2018 | PMT 28713432 | -4,653.50 | 79,223.56 |
| 11/24/2018 | INV #H113889. Due 11/24/2018. | 3,860.50 | 83,084.06 |
| 11/24/2018 | INV #H113891. Due 11/24/2018. | 10,157.35 | 93,241.41 |
| 12/01/2018 | INV #H114885. Due 12/01/2018. | 11,581.87 | 104,823.28 |
| 12/01/2018 | INV #H114887. Due 12/01/2018. | 2,691.59 | 107,514.87 |
| 12/01/2018 | INV #H114888. Due 12/01/2018. | 6,057.75 | 113,572.62 |
| 12/01/2018 | INV #H114889. Due 12/01/2018. | 6,975.77 | 120,548.39 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 41,324.83 | 79,223.56 | $120,548.39 |

**EXHIBIT 3**

# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco CA 94111-4109
415.434.9100 main
415.434.3947 main fax
www.sheppardmullin.com

James G. Gatto
202.747.1945 direct
jgatto@sheppardmullin.com

June 19, 2019

**VIA MESSENGER AND E-MAIL**

Adam Ward
CEO
Legalinc. Corporate Services Inc.
10601 Clarence Dr. Ste. 250
Frisco, TX 75033
adam@blockpartypresents.com

Re:   Notice of Default and Payment Demand

Dear Mr. Ward:

Hensley Event Resources ("Hensley") and Blockparty, Inc. ("Blockparty") entered into the
Settlement Agreement and General Release (the "Settlement Agreement") dated February 12,
2019. Pursuant to the Settlement Agreement, Blockparty agreed to make six consecutive
monthly payments to Hensley beginning on or by March 1, 2019 and ending on August 1, 2019.

As of today, June 19, 2019, Blockparty has failed to make the May 1, 2019 payment to Hensley
in the amount of $17,500 and the June 1, 2019 payment to Hensley in the amount of $27,682.
Pursuant to the Settlement Agreement, if Blockparty fails to make a payment on any required
date and then does not remedy such failure within three (3) days' written notice by Hensley,
Blockparty shall be in breach of the Settlement Agreement and all outstanding amounts owed
under the Settlement Agreement shall accelerate and be immediately due and payable.

This letter is to formally put you on notice and to inform you that if Blockparty does not make the
May 1, 2019 and June 1, 2019 payments by June 22, 2019, it will be in breach of the Settlement
Agreement. In that event, all outstanding amounts owed by Blockparty to Hensley pursuant to
the Settlement Agreement shall immediately become due and payable.

Hensley reserves all rights and remedies under the Settlement Agreement.

Sincerely,

James G. Gatto
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4843-6004-6234.1
cc:   Jacqueline M. Simonovich
      Lee Ann Shell

| Attorney or Party without Attorney: <br> SHEPPARD MULLIN RICHTER & HAMPTON <br> JAMES G. GATTO () <br> 4 EMBARCADERO CENTER 17TH FLOOR <br> SAN FRANCISCO , CA 94111-4151 <br> Telephone No: (415) 434-9100 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney For: | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court: | | | | |
| Plaintiff: HENSLEY EVENT RESOURCES <br> Defendant: BLOCKPARTY, INC. | | | | |
| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: |

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the LETTER DATED JUNE 19, 2019 - NOTICE OF DEFAULT AND PAYMENT DEMAND

3.  a.  Party served:     BLOCKPARTY c/o Legalinc. Corporate Services Inc. - Adam Ward, CEO
    b.  Person served:   Kate Mast, Executive Assistant, Legalinc. Corporate Services Inc, Registered Agent.

4.  Address where the party was served:   10601 Clarence Dr Suite 250, Frisco, TX 75033

5.  I served the party:
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed, Jun 19 2019 (2) at: 03:25 PM

Recoverable cost Per CCP 1033.5(a)(4)(B)

6.  Person Who Served Papers:
    a. Kim Shaw ()
    b. FIRST LEGAL
       1202 Howard Street
       SAN FRANCISCO, CA 94103
    c. (415) 626-3111

    d. The Fee for Service was:
    e. I am: Not A Registered California Process Server

7.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

06/19/2019

(Date)

Kin Shaw

. (Signature)



Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE

3482025
(7618951)

**EXHIBIT 4**

| From: | Eileen Wilson |
|---|---|
| To: | adam@blockpartypresents.com |
| Cc: | Jacqueline Simonovich; James Gatto; lshell@ravixgroup.com; Jennie Chin |
| Subject: | Notice of Default and Payment Demand |
| Date: | Wednesday, June 19, 2019 5:10:31 PM |
| Attachments: | Notice of Default.pdf |

Dear Mr. Ward:

Please see the attached correspondence of today's date.

**Eileen Wilson** | Secretary
+1 415-774-3289 | direct
EWilson@sheppardmullin.com

**Sheppard**Mullin

Four Embarcadero Center, 17th Floor
San Francisco, ca 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com

**EXHIBIT 5**

# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
202.747.1900 main
202.747.1901 fax
www.sheppardmullin.com

James G. Gatto
202.747.1945 direct
jgatto@sheppardmullin.com

June 26, 2019

**VIA MESSENGER AND E-MAIL**

Legalinc. Corporate Services Inc.
(as registered agent for Blockparty, Inc.)
10601 Clarence Dr. Ste. 250
Frisco, TX 75033

Adam Ward
CEO Blockparty, Inc.
adam@blockpartypresents.com

Re:    Notice of Default and Payment Demand

Dear Mr. Ward:

We are writing concerning the Notice of Default and Payment Demand dated June 19, 2019 ("Notice of Default") that was served on your registered agent, Legalinc. Corporate Services Inc., 10601 Clarence Dr. Ste. 250, Frisco, TX 75033 and sent to you by e-mail.  Hensley Event Resources ("Hensley") and Blockparty, Inc. ("Blockparty") entered into the Settlement Agreement and General Release (the "Settlement Agreement") dated February 12, 2019.  In the Notice of Default, Hensley formally put you on notice that Blockparty failed to make the May 1, 2019 payment to Hensley in the amount of $17,500 and the June 1, 2019 payment to Hensley in the amount of $27,682 pursuant to the Settlement Agreement.

In the Notice of Default, Hensley also informed you that pursuant to the Settlement Agreement if Blockparty failed to pay the amounts due for the May 1, 2019 and June 1, 2019 payments within three (3) of receiving the Notice of Default, then Blockparty would be in breach of the Settlement Agreement and all outstanding amounts owed under the Settlement Agreement would accelerate and be immediately due and payable.  It has now been seven (7) days since you received the Notice of Default, and Hensley has not received the May 1, 2019 and June 1, 2019 payments from Blockparty, as a result you are in breach of the Settlement Agreement and all amounts due pursuant to the Settlement Agreement are immediately due and payable.

Hensley demands immediate payment of all amounts currently due and payable under the Settlement Agreement or Blockparty will continue to be in breach of the Settlement Agreement.

Hensley reserves all rights and remedies under the Settlement Agreement.

**Sheppard**Mullin

Adam Ward
June 26, 2019
Page 2

Sincerely,

James G. Gatto
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4817-1615-4011.1

cc:     Jacqueline M. Simonovich
        Lee Ann Shell

| Attorney or Party without Attorney:<br>SHEPPARD MULLIN RICHTER & HAMPTON<br>JAMES G. GATTO ()<br>4 EMBARCADERO CENTER 17TH FLOOR<br>SAN FRANCISCO , CA 94111-4151<br>  Telephone No: (415) 434-9100<br><br>  Attorney For: Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court: | | |
| Plaintiff: HENSLEY EVENT RESOURCES<br>Defendant: BLOCKPARTY, INC. | | |

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>UNASSIGNED |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the NOTICE OF DEFAULT AND PAYMENT DEMAND LETTER DATED JUNE 26, 2019

3. *a. Party served:*    BLOCKPARTY, INC., ADAM WARD, CEO - LEGALINC, CORPORATE SERVICES, INC., AGENT FOR SERVICE
   *b. Person served:*  WESLEY DOLAN, ACCOUNT MANAGER.

4. *Address where the party was served:*  10601 CLARENCE DRIVE SUITE 250, FRISCO, TX 75035

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed, Jun 26 2019 (2) at: 03:15 PM

   Recoverable cost Per CCP 1033.5(a)(4)(B)

6. ***Person Who Served Papers:***
   a. Kim Shaw ()
   **b. FIRST LEGAL**
     1202 Howard Street
     SAN FRANCISCO, CA 94103
   c. (415) 626-3111

   **d.** *The Fee for Service was:*
   e. I am: Not A Registered California Process Server

7. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

06/26/2019

*(Date)*

*(Signature)*



Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE

3506226
(7621030)

**EXHIBIT 6**

| From: | Jacqueline Simonovich |
|---|---|
| To: | adam@blockpartypresents.com |
| Cc: | James Gatto; Lee Ann Shell |
| Subject: | Notice of Default |
| Date: | Wednesday, June 26, 2019 2:20:59 PM |
| Attachments: | Notice of Default-Hensley WashDC (June 26, 2019).pdf |

Dear Mr. Ward,

Please see the attached Notice of Default.

Sincerely,
Jackie Simonovich

**Jacqueline M. Simonovich** | Associate
+1 415-774-2974 | direct
JSimonovich@sheppardmullin.com | Bio

**Sheppard**Mullin

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com | LinkedIn | Twitter